## OREGON IMPROVEMENT COMPANY v. EXCELSIOR COAL COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF CALIFORNIA.

No. 1198. Submitted November 11, 1889 — Decided November 25, 1889.

Where a complaint in an action at law, for the infringement of a reissued patent for an invention, avers that the reissue is "for the same invention," as the original patent, and the answer denies "each and every, all and singular, the allegations" of the complaint, it is error, on the trial, to exclude the original patent from being put in evidence by the defendant.

THE case is stated in the opinion.

*Mr. Sidney V. Smith* and *Mr. John A. Wright*, for plaintiff in error submitted on their briefs.

*Mr. J. J. Scrivner*, for defendant in error, submitted on his brief.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an action at law brought by The Excelsior Coal Company, a corporation, against The Oregon Improvement Company, another corporation, in the Circuit Court of the United States for the Northern District of California, for the infringement of a reissued patent.

The complaint avers that, on the surrender of the original patent, a new patent was issued to the patentee "for the same invention, for the residue of the term then unexpired for which the said original letters patent were granted." The answer of the defendant denies "each and every, all and singular, the allegations" contained in the complaint. The case was tried before a jury, and resulted in a verdict of $7000 for the plaintiff, for which, with costs, judgment was entered. To review this judgment the defendant has brought a writ of error.

There is a bill of exceptions, which states that the plaintiff read in evidence, without objection, the reissued patent, a copy of the specification of which with the drawings is set forth, and put in other evidence tending to show its right to recover damages; that the defendant, "to sustain the issues on its part," offered in evidence a duly certified copy of the original patent, a copy of which with the drawings is set forth; that the plaintiff objected to the introduction of the original patent, on the ground that the same was immaterial and irrelevant to any defence raised by the answer; that the court sustained the objection; and that the defendant excepted to such ruling.

We are of opinion that the Circuit Court committed an error in excluding the original patent. It was relevant evidence upon the question whether the reissue was "for the same invention" as the original, and the issue on that subject was sufficiently raised by the averment of the complaint and the denial in the answer. The defendant was entitled to try that question in a formal manner, and it could not do so unless the original patent was introduced in evidence.

*The judgment is reversed and the case is remanded to the Circuit Court with a direction to award a new trial.*